Bubke, J.
(dissenting). Clarity in a legislative enactment is always sought, rarely achieved. In the ease of CPLR 3216 then, where the language is plain and the legislative intent is manifest, it is truly difficult to understand how the majority of the court can with such facility avoid the obvious meaning of the rule and impose its own judicial gloss thereon in order to supposedly safeguard the ‘1 general power of the courts ” to control court calendars in regard to apparently neglected actions. We prefer to think that, barring any unconstitutional or otherwise invalidating aspect of a statute, it is to be construed as the language reads and the Legislature intended, and not as we would have written it had wé been legislative draftsmen.
CPLR 3216 was originally taken without any significant change from section 181 of the Civil Practice Act when the CPLR went into effect in 1963. The section then provided for a dismissal of the plaintiff’s case when he “ unreasonably neglects to proceed in the action.” In December, 1963 the Appellate Division, First Department, interpreted the section in Draconian terms when it decided the case of Sortino v. Fisher (20 A D 2d 25 [1st Dept., 1963]). In that case the court granted a dismissal on the ground of failure to prosecute, and spelled out in detail what it considered to be a valid excuse for delay, it being made clear that without such a valid excuse a delaying plaintiff was wide open to a successful 3216 motion. Prompted by this decision, Plaintiffs’ Bar in the State succeeded in having the 1964 amendment to 3216 passed and signed into law. The statute, as it now reads, is quoted in full in the majority opinion. Suffice it here to say that the Plaintiffs’ Counsel were not intent on providing defendants with a new remedy to combat delaying tactics, viz., a motion to dismiss for failure to file a note gf issue, Rather, *224 one may be sure, their intent was to limit the scope of 3216 and the decision in Sortino v. Fisher (supra) —to argue to the contrary is unjustifiable. How, then, did they effect such limitation?
The statute is clear: no motion to dismiss for neglect in prosecuting an action can be entertained by the court unless it is timely made, i.e., unless a note of issue has already been filed or unless a 45-day written demand has been served on the plaintiff therefor and the 45 days have elapsed without plaintiff’s filing the note of issue. (Siegel, Seminar on CPLR Case Law and Statutory Developments, pp. 41-42 [1966].) This court expressly so held in Salama v. Cohen (16 N Y 2d 1058 [1965]).
The facts in that case and its connected case, Tomich v. Cohen, are undistinguishable from the circumstances here present. Therein no noté of issue had ever been filed, and a year and a half had elapsed since the last pretrial activity. Defendant’s motion to dismiss on the ground of general delay was denied by Special Term since defendant had not followed the prerequisite procedures of the amendment to 3216 which had just then become effective. The Appellate Division reversed, applying the standards laid down in Sortino v. Fisher (supra). The court held that, since the motion to dismiss was made on the ground of ‘ ‘ general delay” and was not based on plaintiff’s failure to serve and file a note of issue, the amendment to 3216 was not applicable. As the majority here points out, we reversed because the Appellate Division’s construction of the statute was erroneous. Upholding the clear wording of the provision as amended, this court felt that, while there may have been merit in the Sortino rule, the Legislature had clearly indicated a different rule to be applied, and that the court below was exploiting the language of the amendment to defeat its obvious purpose. Notwithstanding the fact that nothing has occurred in the year which has elapsed since those decisions to indicate that a new rule should be applied, the majority today espouses an entirely different theory, thereby overruling Salama and Tomich — decisions which were rendered in December of 1965 by a unanimous court.
The court’s emphasis on the language used in the first sentence of the second paragraph of 3216 (which language has undergone *225 no change since our decisions in Salama and Tomich) is in obvious disregard of the manifest legislative intent. It also fails to recognize that the filing of a note of issue is the event from which undue general delay has been and is to be measured (unless, of course, a 45-day written demand has been made and no note has been filed).
The touchstone and apparent basis of its opinion is, ironically enough, in the very legislative process which it so adroitly ignores. Rather than enforce compliance with the statute as written, it looks to an abortive amendment by which the Plaintiffs’ Bar attempted to legislatively correct several Appellate Division decisions. To view this amendment and the Governor’s veto in proper perspective, a brief chronological examination is necessary.
Following the passage of the amendment to 3216 in 1964, which to the belief of all limited the Sortino rule, the First Department reaffirmed its Sortino attitude by holding that the procedures set up in the 1964 enactment did not apply to a motion to dismiss made upon grounds of ‘1 general delay. ’ ’ (Mulinos v. Coliseum Constr. Corp., 22 A D 2d 163 [1st Dept., decided on Dec. 8, 1964] and Brown v. Weissberg, 22 A D 2d 282 [1st Dept., decided on Dec. 17, 1964].) Realizing this, Plaintiffs’ Bar then attempted to overrule these decisions by its proposed 1965 amendment to the statute, the failure of which the majority today emphasizes. Passed by the Legislature, the bill was vetoed by the Governor, upon the advice of the Presiding Justices of the Second, Third, and Fourth Departments.* The Court of Appeals then handed down Fischer v. Pan Amer. World Airways (16 N Y 2d 725 [1965]) which only held that, in order to dismiss for failure to file a note of issue, the 45-day demand procedure had to be first complied with.
The First Department still maintained that these procedures were hot applicable to a “ general delay ” motion. (Roberts v. New York Post Corp., 24 A D 2d 714 [1st Dept., 1965].)
Only then were Salama and Tomich decided — after the Appellate Division had misconstrued the amendment in Mulinos and Brown, after the legislative attempt to overrule these decisions had been thwarted, after Roberts had reiterated the Mulinos and Brown rulings. And in Salama and Tomich a *226 unanimous Court of Appeals made it clear — to the courts below, the Legislature and the Bar in general — that CPLR. 3216 was to be applied as written, i.e., Mulinos, Brown and Roberts had stood for erroneous propositions, and the attempted amendment by the Legislature in 1965 had been unnecessary. (See, e.g., Shabot v. Quincy Mut. Fire Ins. Co., 24 A D 2d 972 [1st Dept., 1965]; Siegel, Supplementary Practice Commentary to CPLR 3216 [McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, 1966 Cum. Supp.].) The Court of Appeals would construe the statute as everyone knew it had been intended.
The controversy was thereafter dead, until unintentionally resurrected by our unanimous decision in Commercial Credit Corp. v. Lafayette Lincoln-Mercury (17 N Y 2d 367, 372 [1966]) where Chief Judge Desmond had this to say in reaffirming Salama and Tomich: “ We conclude that this second paragraph [the 1964 amendment] was added to rule 3216 to cover the former situations where pleadings were served and filed, then the plaintiff did nothing for a long time [general delay], then the defendant under the old practice would put the plaintiff in jeopardy by moving on five days’ notice to dismiss because the plaintiff had not put the case on the calendar.” (Supra, p. 372.) As a result, notwithstanding the confusing dictum contained in Comonercial Credit, Salama and Tomich have stood for the unanimous viewpoint of this court until today, when the court now sees fit to reverse itself and to adopt the erroneous rule espoused in Mulinos, Broivn and Roberts, a rule which had been disapproved in Salama and Tomich. If it is the purpose of the courts to produce order out of chaos, never has this purpose been more patently frustrated.
The point, we think, is clear: in December of 1965 Salama and Tomich stood for the unanimous viewpoint of the Court of Appeals; today these cases are overruled because a majority of the court so decrees. And nothing has taken place in the interim to warrant such a flagrant disregard of the clear legislative intent. As Mr. Justice Benjamin stated in July of 1966, this court’s construction of 3216 must be complied with “in view of the history of this rule and its seemingly clear language; in view of the Legislature’s apparent intent; and in view of the Bar’s general interpretation of the rule ”. (Lunn v. United Aircraft Corp., 26 A D 2d 698, 699 [2d Dept., 1966].)
*227 The position of the majority is that CPLB 3216 as amended “leaves untouched the general power of the courts to dismiss actions in their discretion for general delay,” unlimited in the slightest by the amendment whose purpose was obviously to limit the statute to some degree. Such a holding classifies the amendment as a supererogatory provision, a meaningless and nugatory act, and indicates that the court has usurped the law-making power reserved to the .Legislature.
Furthermore, from a purely policy standpoint we do not agree that the statute as amended and as intended would ‘ ‘ unduly hamper ’ ’ the courts in dealing with allegedly neglected actions. On the contrary, it simply provides reasonable procedural safeguards to ensure that meritorious actions will not be dismissed without full opportunity to prosecute. The procedures contained in 3216 effectively protect the courts from carrying long-delayed cases, give defendants adequate protection against the threat of endless revival of dormant suits (since the procedures are implemented at the defendant’s option), and afford plaintiffs some guarantee against dismissals resulting from inadvertence. A further advantage of the amendment is that it operates without application to the courts and thus enables the courts to avoid the consideration of untimely and unwarranted motions to dismiss. The rule today adopted by the majority effectively does away with a motion to dismiss ‘1 for a failure to file a note of issue. ” No motion to dismiss will be so captioned in the future; rather, under any and all circumstances, the motion will be based on “ general delay,” whether such is provable or not. Formalism of this kind is wholly inconsistent with the very purpose of the enactment of the Civil Practice Law and Buies in 1963.
The rule espoused by the Appellate Division in Sortino v. Fisher {supra), limited by the amendment to CPLB 3216 passed in 1964 (as so held in Salama and Tovnich, supra), and once more resurrected here by the majority of the court, has been described as “ more harsh in its impact on clients Avith meritorious .claims than seems necessary”. (4 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3216.04, p. 32-203 [1966].) Even if this were not so, even if we were desirous of approving the result intended by that case, the Legislature has limited our *228 ability to do so by its limiting of CPLR 3216. In accordance with our decisions in Saloma and Tomich, therefore, and in accordance with the clear language of 3216, the manifest legislative intent and the recognized acceptance thereof by the Bar in general, we would reverse in the present case because of the defendant’s failure, in the absence of a filed note of issue, to serve a written 45-day demand therefor as required by CPLR 3216 as amended.
Judges Van Voorhis, Soileppi and Bergan concur with Judge Keating; Judge Burke dissents in an opinion in which Chief Judge Fuld concurs; Judge Breitel taking no part.
Order affirmed.